IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

PATSY A. ROBINSON                                                                    PLAINTIFF

v.                                      4:04CV00527 SWW/JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States Chief District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and one copy of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Patsy A. Robinson, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits and Supplemental Security Income. Both parties have submitted Appeal Briefs, and the issues are now joined and ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). Substantial evidence in the record as a whole entails a more scrutinizing analysis in which the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). The Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Id., Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff alleged disability[1] based on Type II diabetes, a severely crooked spine, a pinched nerve in her spine, tingling and burning in her hands, arthritis in the spine, the absence of three discs in her lower back, high blood pressure, high cholesterol, liver disease, asthma, and left knee injury. (Tr. 19, 66.) After conducting an administrative hearing, the Administrative Law Judge[2] ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through January 10, 2003, the date of his decision. (Tr. 27.) On April 24, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 6-8.) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 50 years old at the time of the administrative hearing (Tr. 202) and had completed the tenth grade in school. (Tr. 72, 203.) She has past relevant work as an egg gatherer and poultry processing laborer. (Tr. 19, 75-76.)

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[2]The Hon. Dean C. Metry.

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.*, § 404.1520(c); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.*, § 404.1520(e).[3] If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.*, § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset date in her current applications[4] (Tr. 26); (2) had "severe" impairments, left knee pain, degenerative disc disease, and asthma (Tr. 20); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 26); (4) was not totally credible in her allegations regarding her limitations (*id.*); (5) retained the residual functional capacity ("RFC") for a significant range of light work (Tr. 27); (6) was unable to perform any of her past

---

[3]In regulations that became effective September 25, 2003, the Social Security Administration amended and clarified certain aspects of the sequential evaluation process in ways not material to this opinion. 20 C.F.R. § 404.1520(e) and (f) were redesignated 20 C.F.R. § 404.1520(f) and (g), respectively. 68 Fed. Reg. 51153, 51161-62 (August 26, 2003).

[4]Plaintiff previously filed disability applications in 1988 and 1995. (Tr. 18.)

relevant work (Tr. 26); but (7) was able to perform other jobs which existed in the economy in significant numbers, including jobs as a fast food worker and hotel/motel maid. (Tr. 27.) Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

In her Appeal Brief, Plaintiff raises one argument for reversal: the ALJ erred in failing to give proper weight to the opinion of her treating physician, John Westbrook, M.D. (*Pltf.'s App. Br.* at 2-6.) On April 1, 2002, Dr. Westbrook completed a Medical Source Statement - Physical (Tr. 166-67) in which he checked boxes indicating that, on a regular and continuing basis (eight hours a day, five days a week), Plaintiff: (1) could frequently lift and/or carry five pounds, occasionally ten pounds; (2) could stand and/or walk less than 15 minutes continuously, one hour in an eight-hour workday; (3) could sit 15 minutes continuously, three hours in an eight-hour workday; (4) was limited by degenerative joint disease in her hands and lumbar spine in pushing and/or pulling; (5) could never climb or crawl; (6) could occasionally (defined on the form as one-third of the time or less) balance, stoop, kneel, crouch, reach, and handle; (7) could frequently (defined on the form as one-third to two-thirds of the time) see near (with glasses) and far, perceive depth, hear, and speak; (8) should avoid moderate exposure to extreme cold, weather, wetness/humidity, and heights; (9) should avoid concentrated exposure to extreme heat, dust/fumes, vibrations, and hazards; (10) would need to lie down four times a day for 30 minutes each; and (11) was not taking any pain medication. *Id.*

The ALJ considered Dr. Westbrook's assessment, but found that it was deficient because it was unsupported by and in conflict with other medical evidence. (Tr. 22.) In *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002), the Court held that a treating physician's opinion is not entitled to substantial weight unless it is supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence. In addition, the Eighth Circuit has recognized that RFC checklists, such as the one completed by Dr. Westbrook, are entitled to little weight in the evaluation of disability. *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); *see Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (discounting treating

4

physician's two pages of checked boxes devoid of illuminating examples, descriptions, or conclusions).

Dr. Westbrook's assessment of Plaintiff's limitations conflicted with the opinions of other physicians. For instance, Dr. Westbrook referred Plaintiff to W. Bruce Brown, M.D., a board certified orthopaedic surgeon for an evaluation and treatment of her knee. (Tr. 131.) Dr. Brown, after examining Plaintiff on February 20, 1997, noted that she was "somewhat" tender over both the medial and lateral joint lines of the knee, but otherwise normal. (Tr. 132.) He encouraged her to exercise, to wear a sleeve on her knee, and to return in two weeks, at which time they would consider arthroscopy of the knee if her symptoms were not better.[5] *Id.* Finally, Dr. Brown noted that Plaintiff could sit, stand, walk, hear, speak, travel, and handle objects without any problem, but declined to offer an opinion about lifting and carrying weight because it "would depend on the weight and as I have only seen her one time, I cannot comment as to her regaining strength at this time." *Id.* Generally, more weight is given to the opinion of a specialist about medical issues related to the area of the specialty than to the opinion of a source who is not a specialist. 20 C.F.R. §§ 404.1527(d)(5); 416.927(d)(5) (2003); *see Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994).

On September 7, 2001, Plaintiff underwent a general physical examination by Marc A. Valley, M.D. (Tr. 134-41.) She told Dr. Valley that Dr. Westbrook had never sent her to a specialist. (Tr. 134.) Dr. Valley noted that Plaintiff had full range of motion of the cervical spine and, while she had reduced motion in the lumbar spine, she gave "No Effort" in her lumbar spine testing. (Tr. 137.) She had full range of motion in all extremities, although she complained of pain throughout the testing. (Tr. 137-38.) Dr. Valley found Plaintiff to be neurologically intact with no muscle weakness or atrophy (Tr. 138) but noted that she stooped forward holding her

---

[5]There is no indication that Plaintiff ever returned to Dr. Brown.

back when she walked with a non-antalgic gait.[6] (Tr. 139.) Dr. Valley's diagnosis was muscle pain (Tr. 140), with no limitation for any activity, and he again noted that Plaintiff gave no effort during the examination. (Tr. 141.) Finally, Dr. Valley noted that Plaintiff had no limitation in sitting, standing, lifting, carrying, handling objects, hearing, speaking, or traveling. (Tr. 132.)

In October of 2001, a non-examining physician reviewed Plaintiff's medical records, including those from Dr. Westbrook,[7] and completed an RFC assessment. (Tr. 153-62.) The assessment restricted Plaintiff to occasionally lifting/carrying 20 pounds, ten pounds frequently; sitting and standing and/or walking about six hours each in an eight-hour workday; unlimited pushing/pulling; and no other restrictions.[8] (Tr. 154-57.)

The medical record makes it clear that the opinion of Dr. Westbrook, as to Plaintiff's degree of limitation, was not shared by any other physician of record.[9] Thus, the Court concludes that the ALJ was justified in discounting the opinion of Dr. Westbrook.

---

[6]A characteristic gait resulting from pain on weight bearing in which the stance phase of gait is shortened on the affected side. PDR Medical Dictionary 722 (2d ed. 2000).

[7]It appears that notations summarizing some of those record were omitted from the transcript. (Tr. 162.)

[8]20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i) (2003) (emphasis added; *accord*, S.S.R. 96-6p) make it clear that:

> Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges *must* consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.

[9]In October of 2002, Plaintiff again presented to Dr. Westbrook with multiple complaints, the last of which was pain between her shoulder blades. (Tr. 184.) She had started taking Tylenol for back pain since her last visit. *Id.* In November of 2002, she complained of flu-like symptoms, but had no complaint of back or knee pain. (Tr. 185.) In February of 2003, immediately after the ALJ's opinion, she denied joint or muscle pain. (Tr. 186.) These later records were submitted to the Appeals Council (Tr. 5, 9), so the ALJ did not have the benefit of reviewing them.

The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed, with prejudice.

DATED this 5th day of July, 2005.

*[signature: J. Thomas Ray]*

_____
UNITED STATES MAGISTRATE JUDGE